## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  CR-18-47-SLP |
| | ) | CIV-21-830-SLP |
| | ) | |
| CESAR ALZUARTE RODRIGUEZ, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>O R D E R</u>

Before the Court is Defendant Cesar Alzuarte Rodriguez's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [Doc. No. 1547].  The Court reserved ruling on ground one of the Motion until after an evidentiary hearing could be held, but denied the remainder of the Motion on the merits.  *See* Order [Doc. No. 1580]. The Court has held an evidentiary hearing and determined that the final remaining issue lacks merit and will also be DENIED.

As detailed in the Court's previous Order, Defendant was indicted on several drug trafficking and money laundering charges.  Attorney Ed Blau was appointed to represent him.  *See* [Doc. No. 109].  Defendant entered into a plea agreement with the Government in which he agreed to plead guilty to one count of conspiracy to possess with intent to distribute and to distribute 50 grams or more of methamphetamine.  Defendant now alleges that Mr. Blau provided ineffective assistance of counsel by guaranteeing Defendant a sentence of "no[]more than 120 months" and promising he would only "be responsible for 50 grams of methamphetamine" if he pled guilty.  *See* [Doc. No. 1573-1] ¶ 5.  Because

Defendant and Mr. Blau submitted conflicting affidavits, the Court determined it would be appropriate to appoint counsel and hold an evidentiary hearing before determining whether Mr. Blau's performance was deficient under the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). *See United States v. Gonzalez*, 98 F. App'x 825, 830 (10th Cir. 2004) (unpublished) (remanding for evidentiary hearing on similar facts). Attorney Thomas M. Wright was appointed to represent Defendant. *See* [Doc. Nos. 1583, 1584].

The Court conducted an evidentiary hearing on October 2, 2023. Mr. Blau testified that he did not make any promises regarding a specific sentence in this case (nor would he do so in any case).[1] The Court found his testimony to be credible and compelling. Mr. Blau explained that at the time of Defendant's plea agreement, he had been a CJA panel attorney for 3–5 years and had handled roughly 25–30 cases in that capacity, most of which involved drug offenses. He stressed that he has never promised a client a particular outcome in a federal case. Throughout the evidentiary hearing, Mr. Blau confidently and unequivocally denied promising any particular sentence to Defendant. On cross examination, Defendant pointed out that the Petition to Enter a Plea of Guilty—which described the maximum possible sentence as "40 years" and "$5,000,000 fine"—included only Assistant United States Attorney David Petermann's initials. [Doc. No. 809]. In contrast, Defendant had initialed other changes during the plea process. *See, e.g.*, [Doc. No. 808] at 9. Based on this purported discrepancy, Defendant contends his plea was not

---

[1] Mr. Blau was the only witness who testified at the hearing.

knowing because he had not been advised of the maximum possible sentence. The Government countered that Mr. Petermann's initials signaled only that the amount of the potential *fine* had been added, but that maximum term of *imprisonment* had not been changed since Defendant reviewed the document.[2]

The Court finds this distinction immaterial in light of both Mr. Blau's testimony, detailed above, and Defendant's own testimony during his plea colloquy with the Court. At the March 4, 2019 waive and file hearing, Defendant agreed under oath that he understood (1) the Government's "summary of the charges and possible punishments," which included the advisement that Defendant "would subject himself to a period of imprisonment of no less than five years and up to 40 years" if convicted, *see* [Doc. No. 1562-2] at 6:3–17; (2) that the Court may impose the same sentence he would receive if convicted by a jury, *id.* at 12:21–24; (3) "that the sentence [he'd] receive is solely a matter for the sentencing judge to decide," *id.* at 12:25–13:3, (4) that the sentencing guidelines are "advisory in nature" and that the Court could "impose a sentence that's either above or below the recommended guideline range," *id.* at 13:7–15; and (5) that the Court would "consider all relevant conduct at the time of sentencing," *id.* at 13:21–14:3. Defendant also agreed that his guilty plea was "made voluntarily and completely of [his] own free choice" and that no one had "attempted to force or pressure [him] to plead guilty." *Id.* at 14:15–21. The Court asked Defendant whether "any promise [had] been made by anyone which causes [Defendant] to plead guilty other than the promises that are made in that plea

---

[2] Though Mr. Blau testified he could not recall any conversations or context related to the initials, he testified that he would have advised Defendant of the maximum possible sentence at this point.

agreement." *Id.* at 17:14–17.  Defendant replied, "No, sir." *Id.*  Finally, Defendant agreed with Mr. Petermann "that the amount of methamphetamine involved  was at least 50 grams of a mixture or substance that contained a detectable amount of methamphetamine." *Id.* at 18:11–15.  The Court finds Defendant's own statements, made under oath, to be credible evidence that Mr. Blau did promise Defendant any particular outcome.

Having concluded that both Mr. Blau's testimony and Defendant's contemporaneous statements are more credible than Defendant's post-conviction assertions, the Court finds that Mr. Blau did not make any promises or guarantees about either the sentence Defendant would receive or the quantity of drugs which would be attributed to him.  Accordingly, Defendant has not shown that Mr. Blau's "representation fell below an objective standard of reasonableness." *United States v. Deiter*, 890 F.3d 1203, 1209 (10th Cir. 2018) (quoting *Strickland*, 466 U.S. at 690*).*  Thus, the final remaining contention in the § 2255 motion lacks merit.

IT IS THEREFORE ORDERED that Defendant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [Doc. No. 1547] is DENIED.  A separate judgment shall be entered.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a movant.  A COA may issue only upon "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make this showing, Defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong[.]" *United*

*States v. Manzanares*, 956 F.3d 1220, 1226–27 (10th Cir. 2020) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).   In the present case, the Court concludes that Defendant has not made a substantial showing of the denial of a constitutional right. Therefore, a COA is DENIED and the denial shall be included in the judgment.

IT IS SO ORDERED this 3rd day of October, 2023.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE